J. W. FINARTY, Appellee, v. MARION COUNTY, Appellant.

Coroner's inquest: SERVICES OF PHYSICIAN: LIABILITY OF COUNTY: PLEADINGS. Upon the holding of an inquest it is the sole province of the coroner to determine whether a post mortem examination shall be made, and the county is liable for the payment of a reasonable compensation to the physician employed by him to make such examination; and a contention of the county that there was no suspicion of death by unlawful means is no defense to an action for the service.

*Appeal from Marion District Court.*— HON. EDMUND NICHOLS, Judge.

WEDNESDAY, JUNE 7, 1905.

ACTION to recover for services rendered.    In brief, the allegations of the petition are that the coroner of the defendant county, while lawfully holding an inquest over a dead

body, duly summoned plaintiff, a practicing physician, to make a scientific investigation of such body; that, in response thereto, he (plaintiff) appeared and performed the required services; and that his claim arising out of the same has been rejected by the board of supervisors of said county. The answer admits the allegations of the petition, except that therein it is denied that the inquest being held was a lawful one, and this solely "for the reason that not the slightest suspicion or supposition existed that the deceased person had come to his death by unlawful means." And it is said that in view of such fact the coroner had no authority to hold an inquest, or to summon plaintiff to hold an autopsy, and charge the county with the expense thereof. To the answer, plaintiff interposed a demurrer, which was sustained. The defendant elected to stand on its pleading, and from a judgment in favor of plaintiff it appeals.— *Affirmed.*

*Crozier, McCormack & Welch,* for appellant.

*Kinkead & Mentzer,* for appellee.

BISHOP, J.— The statute provides that the coroner "shall hold an inquest upon the dead bodies of such persons only as are supposed to have died by unlawful means," etc. Code, section 515. Further, when the coroner or the jury deem it requisite, "he may summon one or more physicians or surgeons to make a scientific examination, who shall receive a reasonable compensation to be allowed by the board of supervisors." Code, section 529. These are the provisions of the Code under which the coroner in the instant case was assuming to act. From the simple reading thereof it seems clear enough that the supposition upon which jurisdiction to act is made to rest must be one which arises — and for that matter exclusively so — in the mind of the coroner. He certainly could not justify himself for acting in any given case if the facts presented to him were such as that his own mind rejected the supposition that death had been caused by unlawful means.

So far, counsel for appellant do not stop to question. The contention is that inasmuch as the answer asserts that no supposition or suspicion of death by unlawful means in fact existed, and as the demurrer admitted the allegations of the answer, a case of no jurisdiction was established on the face of the pleadings. To this contention are two answers, either one of which is sufficient. In the first place, the demurrer admitted no more than the facts well pleaded. It will be observed that the answer does not charge that the mind of the coroner was devoid of suspicion. It does not charge him with bad faith, which here would amount to official corruption. It is not even suggested that he was ignorant or stupid. The allegation of the answer amounts to nothing more than an assertion that the county, from the information gathered by it, had reached the conclusion that there was no room to suppose or to suspect that death had resulted from unlawful means. The allegation then was of a conclusion; not only that, but it must be apparent that the subject-matter thereof was wholly immaterial. In the second place, the coroner was acting within the forms of law, and in the apparent exercise of his lawful jurisdiction. In such cases it is not for a witness, whether he be subpœnaed or summoned, to stand upon the order of his going until a satisfactory showing is made to him that jurisdiction in the tribunal which demands his attendance is so far perfect as that he may be certain of his compensation in case he obeys. It is for him to answer, and, in cases where it is so provided by statute, it is for the county, upon proper demand, to pay. We do not think our conclusion requires a citation of authorities in its support.

There was no error, and the judgment is *affirmed.*